UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL DEAN                                          CIVIL ACTION

VERSUS                                                 NO. 17-7672

UNITED STATES OF AMERICA ET AL.              SECTION "R" (2)


## ORDER AND REASONS

Defendant the City of New Orleans moves to dismiss Plaintiff Darryl Dean's Americans with Disabilities Act claim.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of an alleged violation of the Americans with Disabilities Act (ADA). Plaintiff Darryl Dean is a disabled veteran and retired police sergeant. On August 10, 2016, plaintiff hit "a severely large water-filled pothole" while driving down Moss Street in New Orleans.[2] Plaintiff alleges that the collision damaged his car and injured his back.[3] Plaintiff then

---

[1] R. Doc. 7.
[2] R. Doc. 1 at 6.
[3] *Id.*

1

called 911, which he asserts "neglectfully mishandled the call."[4] Emergency assistance never arrived, so plaintiff sought medical attention on his own.[5]

Plaintiff sued the City of New Orleans and the United States on August 10, 2017.[6] The City of New Orleans now moves to dismiss for failure to state a claim.[7]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

---

[4] *Id.*
[5] *Id.*
[6] *Id.* at 7.
[7] R. Doc. 7.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

In his complaint, plaintiff appears to allege that defendants violated Title II of the ADA. Title II of the ADA prohibits disability discrimination in the provision of public services. *See Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc). Specifically, 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

Plaintiff has failed to state a claim under this statute. Plaintiff does not allege that the City of New Orleans treated him differently than others because of his disability. While he does allege that the 911 dispatcher negligently handled the call, he does not assert that this negligent treatment was based on his disability. Nor does he allege that the pothole rendered Moss Street inaccessible. *Cf. Frame v. City of Arlington*, 657 F.3d 215, 227 (5th Cir. 2011) ("When a city decides to build or alter a sidewalk and makes that sidewalk inaccessible to individuals with disabilities without adequate justification, disabled individuals are denied the benefits of that city's services, programs, or activities."). Although the Court construes plaintiff's complaint broadly because of his *pro se* status, *see Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013), the Court cannot discern from plaintiff's pleadings any possible examples of disability-based discrimination in violation of Title II of the ADA. Accordingly, plaintiff's claim against the City of New Orleans must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff's claim against the City of New Orleans is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __5th__ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE