UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRYL DEAN | CIVIL ACTION |
| VERSUS | NO. 17-7672 |
| UNITED STATES OF AMERICA ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Defendant, the United States of America, moves to dismiss Plaintiff Darryl Dean's claims.[1]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Daryl Dean, a disabled veteran and retired police sergeant.  On August 10, 2016, plaintiff hit "a severely large water-filled pothole" while driving down Moss Street in New Orleans.[2]  Plaintiff alleges that the collision damaged his car and injured his back.[3]  Plaintiff then called 911, which he asserts "neglectfully

---

[1]     R. Doc. 13.
[2]     R. Doc. 1 at 6.
[3]     *Id.*

mishandled the call."[4]   Emergency assistance never arrived, and plaintiff sought medical attention on his own.[5]

Plaintiff sued the City of New Orleans and the United States on August 10, 2017, alleging a violation of the Americans with Disabilities Act (ADA).[6] The Court has dismissed plaintiff's ADA claim against the City of New Orleans.[7]   The United States now moves to dismiss for lack of jurisdiction and for failure to state a claim.[8]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).   In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

---

[4]      *Id.*
[5]      *Id.*
[6]      *Id.* at 7.
[7]      R. Doc. 13.
[8]      R. Doc. 7.

undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual

matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Federal Tort Claims Act

The United States construes plaintiff's complaint as asserting a violation of the Federal Tort Claims Act (FTCA). The FTCA allows a plaintiff to recover damages for injuries "resulting from the negligent or wrongful act or omission of any employee of the [U.S.] Government while acting within the scope of his office or employment." 28 U.S.C. § 2679. FTCA claims may be brought against only the United States "and not the responsible agency or employee." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also* 28 U.S.C. §§ 2679(a), (b)(1) (providing that the FTCA does not authorize suits against federal agencies or federal employees acting within the scope of their employment). Before filing suit in federal court, a claimant must first present her claim to the appropriate federal

agency. 28 U.S.C. § 2675(a). Administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *see also Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016).

Plaintiff does not allege in his complaint that he presented his tort claim to any federal agency before filing this lawsuit. Nor does he offer any evidence, in response to the United States' motion to dismiss, of administrative exhaustion. Plaintiff also fails to allege how his injuries resulted from the negligence or wrongful acts of any federal employee. Therefore, to the extent plaintiff alleges a tort claim against the United States, this claim must be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

## B. Americans with Disabilities Act

For the reasons discussed in the Court's order dated December 5, 2017,[9] plaintiff has also failed to state a claim under the ADA. Title II of the ADA prohibits disability discrimination in the provision of public services. *See Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc). Specifically, 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation

---

[9]    R. Doc. 13.

in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

Plaintiff does not allege that the United States treated him differently than others because of his disability. While he does allege that the 911 dispatcher negligently handled the call, he does not assert that this negligent treatment was based on his disability. Nor does he allege that the pothole rendered Moss Street inaccessible. *Cf. Frame*, 657 F.3d at 227 ("When a city decides to build or alter a sidewalk and makes that sidewalk inaccessible to individuals with disabilities without adequate justification, disabled individuals are denied the benefits of that city's services, programs, or activities."). Moreover, plaintiff fails to allege that the United States is responsible for either handling 911 calls or maintaining Moss Street. Although the Court construes plaintiff's complaint broadly because of his *pro se* status, *see Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013), the Court cannot discern from plaintiff's pleadings any possible examples of disability-based discrimination by the United States in violation of Title II of the ADA. Accordingly, plaintiff's ADA claim against the United States must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.  Plaintiff's claims against the United States are DISMISSED.


New Orleans, Louisiana, this __16th__ day of January, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE